UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TIONNA BLAND, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:17-cv-04741-TWP-DML |
| | ) |
| WARDEN Indiana Women's Prison, | ) |
| | ) |
| Respondent. | ) |

**Order Granting Motion to Dismiss the Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of Tionna Bland for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYP 17-09-0229. The respondent moves to dismiss the petition, arguing that Ms. Bland did not suffer a grievous loss in the disciplinary hearing and therefore, for purposes of 28 U.S.C. § 2254, she cannot obtain habeas relief. Specifically, Ms. Bland was subjected to suspended sanctions of 15 days of lost earned credit time and a credit class demotion, but those suspended sanctions were never imposed and may no longer be imposed because more than six months have elapsed since the September 25, 2017 disciplinary hearing. Dkt. 11 at 1-2.

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that [s]he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). If the sanctions imposed in a prison disciplinary proceeding do not potentially lengthen a prisoner's custody, then those sanction cannot be challenged in an action for habeas corpus relief. *See Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (*per curiam*). Typically, this means that in order to be considered "in custody" for the purposes of challenging a prison disciplinary proceeding, the petitioner must have been deprived of good-time credits, *id.*, or of credit-earning

class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001). When such a sanction is not imposed, the prison disciplinary officials are "free to use any procedures it chooses, or no procedures at all." *Montgomery*, 262 F.3d at 644.

Here, Ms. Bland's sanction did not include the actual imposition of a loss of good-time credits or a demotion in credit-class earning. Therefore, Ms. Bland is not "in custody" under § 2254, and the respondent's motion to dismiss, dkt. [11], must be **granted**.

Ms. Bland's petition for a writ of habeas corpus is **dismissed for lack of jurisdiction**. Final Judgment in accordance with this decision shall now issue.

**IT IS SO ORDERED**.

Date: 5/10/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TIONNA BLAND
109930
INDIANA WOMENS PRISON
INDIANA WOMENS PRISON
Inmate Mail/Parcels
2596 Girls School Road
Indianapolis, IN 46214

Andrea Elizabeth Rahman
OFFICE OF THE INDIANA ATTORNEY GENERAL
andrea.rahman@atg.in.gov